## ROBERTS v. CALHOUN COUNTY, FLA.
### No. 22.

District Court, N. D. Florida.
Marianna Division.
May 27, 1942.

292

Hampton, Bull & Crom, of Tampa, Fla., for plaintiff.

George Earl Hoffman, U. S. Atty., of Pensacola, Fla., for United States as intervenor.

Marion B. Knight, of Blountstown, Fla., and Caldwell, Meginniss & Parker, of Tallahassee, Fla., for defendant Calhoun County.

L'Engle, Shands, McCarthy & Lane, of Jacksonville, Fla., for defendant Atlantic Nat. Bank.

LONG, District Judge.

On the 22d day of December, 1934, the Board of County Commissioners of Calhoun County, a political subdivision of the State of Florida, by authority given them by Chapter 16344, Special Acts of the Legislature, Laws of Florida, 1933, entered into a written contract with Allied Engineering Corporation, a corporation, employing it to perform all engineering work in and about the construction of a certain bridge over the Apalachicola River between Calhoun County and Liberty County, Florida, and agreed, in and by the terms of said contract, to pay Allied Engineering Corporation 10% of the cost of said structure, at the same time adopting a resolution putting the contract into effect and directing the signing thereof by its proper officers. The contract and the resolution of the Board make no mention of any amount other than the 10% stated in the contract, and the Board alone, under the Act, was granted the power to fix this particular engineering fee. Allied Engineering Corporation performed all engineering work in and about the construction of said bridge, in a manner that was satisfactory to the defendant, and upon the completion of said services made three separate claims against the defendant County for balance of moneys due for its services; the first claim being in the sum of $21,493.36, balance due on its agreed fee of 10% as stated in the contract; the second claim being in the sum of $10,320 for extra services for 240 calendar days at $43 per day pursuant to the terms of the contract as fixed by a resolution of the Board; and the third claim being in the sum of $3,819 for extra services for 48 calendar days from August 31, 1938, to October 18, 1938, both of said claims for extra services being based upon the allowance of certain sums per day, as agreed to by Allied Engineering Corporation and the defendant County, and as fixed by resolution of the Board—and there is no evidence that said extra work was not done or that the amounts stated are not due from the defendant to Allied Engineering Corporation, but so far as the evidence shows said extra work was performed as contemplated and in a manner satisfactory to the Board.

█ The answer of the defendant to the complaint admits the signing of the contract and the passage of the resolution putting said contract into effect, but defends upon the grounds that on the same day the Board of County Commissioners of the defendant Calhoun County adopted a supplemental resolution providing that the contract of Allied Engineering Corporation be approved or accepted with the distinct understanding that Calhoun County will not be liable for any fees, commissions, etc., except those to be approved by P.W.A. officials to be paid from the Loan and Grant to be used for the construction of said bridge, and the defendant claims that the representatives of Allied Engineering Corporation were present at the time of the adoption of said supplemental resolution, or thereafter acquiesced in the passage of same, and that the provisions thereof became part of the contract, although the contract and the resolution of the Board putting same into effect makes no mention of any amount other than the 10% stated in the contract. The burden of establishing this fact by proof is upon the defendant, but the Court finds that the evidence does not preponderate to establish this contention of the defendant that the supplemental resolution was part of the original contract, or that it was passed with the knowledge and consent of both parties, or that Allied Engineering Corporation, by and through the act of its officer, ratified such limitation to the contract. The evidence of the defendant on this point is pregnant with uncertainty and doubt, while on the contrary the proof of the plaintiff is direct and positive that after the contract and the resolution (which contained no mention of approval by P.W.A. officials) were adopted and executed by the respective parties, and after the contract and a certified copy of said resolution were delivered to the representatives of the Al-

lied Engineering Corporation, they retired from the meeting of the Board and were not present when the alleged supplemental resolution set out in the answer was adopted, and the minutes of said meeting were not written up by the clerk of the Board for weeks or months after the 22nd day of December, 1934, the date when the contract was signed and the resolution adopting the same was passed. The proof is convincing that the officers and representatives of the Allied Engineering Corporation had no notice of such supplemental resolution for a long period thereafter.

After the Allied Engineering Corporation had already rendered a substantial portion of its services to the County in the performance of its contract, the County entered into a contract with the United States of America, through the Federal Emergency Administration of Public Works, whereby the United States made a grant to Calhoun County of the sum of $399,273, and purchased bridge revenue coupon bonds in the aggregate principal amount of $563,000, which bonds were issued by the County under the provisions of said statute, and the moneys thereby derived constituted the Construction Account to be used in payment for said bridge subject to the rules and regulations of Federal Emergency Administration of Public Works, which provided, among other things, that contracts for engineering services shall be subject to the approval of the State Director as to form, substance, execution, and amount payable thereunder and the State Director of the Federal Emergency Administration of Public Works thereafter refused to approve more than 7½% of the cost of the construction of said bridge for the payment of the engineering services rendered by Allied Engineering Corporation to Calhoun County.

In its last analysis, the defense interposed by the defendant to the three claims of the plaintiff amounts to nothing more than an admission on the part of the defendant that said sums of money are due from the County to the Allied Engineering Corporation, but that the County should be excused from the payment of same because the officials of the Federal Emergency Administration of Public Works refused to approve the payment of engineering fees to Allied Engineering Corporation in excess of 7½% of the cost of the construction of said bridge, notwithstanding the facts show the members of the

Board, subsequent to the fixing of the fee by the officials of Federal Emergency Administration of Public Works at 7½% of the cost of construction, used every effort in their power to have said officials increase the engineering fee to 10%, in accordance with the terms of the contract, and to approve the payment of the same from the Construction Account.

It appears from the record that there is now on deposit in The Atlantic National Bank of Jacksonville, Florida, the sum of $23,726.49, which moneys were placed there by the Federal Emergency Administration of Public Works in the construction account to be used either to purchase bonds, if any such bonds are then held by the United States, or to be transferred to the Bond Sinking Fund to be expended solely for the payment of interest on and the principal of bridge bonds issued and sold by Calhoun County for the construction of said bridge. On January 23, 1941, the United States, by its attorney, George Earl Hoffman, United States Attorney for the Northern District of Florida, filed certain suggestions of the interest of the United States in the matter in litigation, together with a motion to intervene, which motion was granted, and an answer was filed to said suggestion by Allied Engineering Corporation, claiming that said moneys should be subjected to the payment of the amounts due it from the County.

Chapter 16344, Special Acts of the Legislature, Laws of Florida, 1933, authorizing the construction of the bridge across the Apalachicola River, between the Counties of Calhoun and Liberty, empowered the defendant Calhoun County to borrow money with which to construct said bridge and the approaches thereto and said County is thereby authorized, through its Board of County Commissioners, to issue and sell bridge bonds or revenue bonds as evidence of indebtedness in a sufficient amount to obtain the money necessary with which to construct said bridge and the approaches thereto. And it is further provided in said Act that said County, through its Board of County Commissioners, is authorized to employ an attorney or attorneys, an engineer or engineers, to render such services as deemed necessary in connection with the matter mentioned in said Act. It would, therefore, appear that the Act itself does not limit a recovery for engineering fees to the proceeds of bond sales in the past, or to revenues derived from the

bridge, but authorizes the County Commissioners to incur indebtedness for this special purpose, that is, the payment of engineering fees. The fact that the officials of the Federal Emergency Administration of Public Works were of the opinion that the fee or commission set forth in the contract was too much did not in any way alter the original contract or excuse the defendant, Calhoun County, from the payment of its obligation to Allied Engineering Corporation because of an attempted delegation to a third party of the power delegated to the defendant, Calhoun County, by the Act. Even though it were conceded that the alleged supplemental resolution became a part of the contract, the power to fix this engineering fee could not be delegated by the Board of County Commissioners to a third party. See: John Hutchins et al. v. Nathan Mayo et al., 143 Fla. 707, 197 So. 495, 133 A.L.R. 394, and annotations at pages 401 to 405.

The act of the United States, Federal Emergency Administration of Public Works, in refusing to approve the payment from the Construction Account of engineering fees in excess of $7\frac{1}{2}\%$ of the cost of construction of the bridge, does not constitute an excuse for the nonperformance of the contract between Calhoun County and Allied Engineering Corporation. Lehigh Portland Cement Company v. Virginia S. S. Company, 132 Va. 257, 111 S.E. 104.

The mere fact that the Allied Engineering Corporation assented to the County's receiving the Loan and Grant from Federal Emergency Administration of Public Works from which it derived the moneys used in the construction of said bridge, under the condition that the payment of engineering fees should be subject to the approval of the officials of Federal Emergency Administration of Public Works, and that the Allied Engineering Corporation continued to render its engineering services to the County with knowledge of such fact, did not constitute a waiver by Allied Engineering Corporation of its claim for compensation as provided by its contract with the County—but, at most, such action on the part of Allied Engineering Corporation amounted merely to an assent on its part that it need not be paid out of the money received from the Federal Emergency Administration of Public Works, and that the County, so far as the Allied Engineering Corporation was concerned, might keep its agreement with the Federal Emergency Administration of Public Works. Allied Engineering Corporation has performed its part of the contract, and Calhoun County has fully received the benefits contemplated by such performance, therefore, the County is bound to pay Allied Engineering Corporation the amount of its compensation agreed upon, from any appropriation that may be made for the purpose. Davis v. Commonwealth of Massachusetts, 164 Mass. 241, 41 N.E. 292, 30 L.R.A. 743.

As to the moneys now on deposit in The Atlantic National Bank of Jacksonville in the Construction Account, the Court views this as a Trust Account to be used for a single purpose, and not subject to be disbursed for the payment of engineering fees, or for any other purpose than to be transferred to the Bond Fund to be expended solely for the purpose of paying interest on, and the principal of, the revenue bonds; and an appropriate order will be entered dismissing The Atlantic National Bank of Jacksonville, Florida, as a party to this cause and releasing said funds from said Construction Account.

A general judgment will be entered in accordance with law in favor of the plaintiff, Charles E. Roberts, as Receiver of Allied Engineering Corporation, a corporation, against the defendant, Calhoun County, in the sum of $35,232.36, together with costs.

This case being one tried before the Court upon the facts without a jury, and the Court having, in the foregoing opinion, specially stated the facts as well as its conclusions of law thereon, this opinion is filed in lieu of formal findings of fact and conclusions of law, as required by Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.